IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERT WARDRICK<br>　　　　Plaintiff,<br>　　v.<br><br>UNITED STATES OF AMERICA, et al.[1]<br>　　　　Defendants. | *<br><br>*　CIVIL ACTION NO. CCB-09-2297<br><br>*<br>*** |

**<u>MEMORANDUM</u>**

On September 17, 2002, judgment was entered in this court sentencing Robert Wardrick to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 U.S.C. § 5861(d).  *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.).  The convictions were affirmed on appeal.  On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice.  *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.).  The appeal was dismissed by the United States Court of Appeals for the Fourth Circuit.  On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive.  *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).  On May 8, 2007, Wardrick's third § 2255 motion was dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).  *See Wardrick v. United States*, Civil Action No. MJG-07-1077 (D. Md.).  The Fourth Circuit has twice denied Wardrick authorization to file a successive § 2255 motion.  *See In Re: Wardrick, et al.*, CA No. 05-363 (4th Cir. July 28, 2005) *and In Re: Wardrick, et al.*, CA No. 07-109 (4th Cir. March 8, 2007).

On August 27, 2009, the court received for filing Wardrick's missive, captioned as filed

---

[1]　Plaintiff wishes to include the defendants listed as named parties in *Wardrick v. United States, et al.*, Civil Action No. JFM-09-121 (D. Md.).  This would include the names of federal and state prosecutors, law enforcement agents, court clerks, and judges.

under "Federal Rules of Criminal Procedure Rule 6 The Grand Jury Complaint of Judicial Misconduct."

The action is difficult to decipher. Wardrick discusses the composition of a federal grand jury, the challenges that may be made to an indictment handed down by same, and actions that may be taken for violation of grand jury "guidelines" under Fed. R. Crim. P. 6. (Paper No. 1.) He further expounds on: (1) the elements of common-law tort involving malicious prosecution; (2) purported fraud committed by federal appellate courts; (3) prosecutorial and judicial miscues related to his criminal case involving the superceding indictment and the failure to provide him unspecified hearings, (4) the "restoration" of his right to possess a firearm; and (5) the use of his ex-wife's testimony in light of available marital privileges.

To the extent that Wardrick is seeking declaratory or compensatory relief for unconstitutional imprisonment, his action against defendants may not proceed. A civil rights damage claim for unconstitutional imprisonment is not appropriate unless and until Wardrick's convictions or sentence have been reversed on appeal, expunged by executive order, declared invalid by tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Ceasar v. Federal Bureau of Prisons*, 532 F. Supp. 2d 1, 4 (D.D.C. 2008). Wardrick cannot show that his federal convictions have been overturned or otherwise vacated. Therefore, his complaint for damages is barred under the rule of *Heck*.

To the extent Wardrick seeks to attack the validity of his convictions and obtain his release from confinement, he is barred from raising such a challenge without authorization from the Fourth Circuit. Any direct attack on his federal convictions would be successive as

Wardrick's first 28 U.S.C. § 2255 motion was dismissed on the merits in 2004. *See* 28 U.S.C. § 2244(b)(3)(A) (successive motions under § 2255 may not be filed absent "gatekeeper" authorization from a federal court of appeals); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because Wardrick has not obtained prior authorization from the Fourth Circuit to bring a successive 28 U.S.C. § 2255 action, the court lacks jurisdiction to review a direct attack on his convictions. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). A separate order follows.


Date:  September 24, 2009             /s/
                                      Catherine C. Blake
                                      United States District Judge